IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICIA CRUZ, on behalf of herself and on behalf of all persons Similarly situated known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:20-cv-320 ) |
| FARMER'S FRESH MARKET PLACE, INC. d/b/a FARMER'S BEST MARKET | ) Hon. Ronald A. Guzman ) ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, Alicia Cruz, by and through her attorneys, Becerra Law Group, LLC, for her Complaint against Farmer's Fresh Market Place, Inc. d/b/a Farmer's Best Market (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay for all hours worked. (A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

2. Defendant had a policy and practice of shorting Plaintiff and similarly situated individuals one half hour each day they worked.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Alicia Cruz resides and is domiciled in this judicial district.

6. Plaintiff Alicia Cruz is a former employee of Defendant.

7. Plaintiff Alicia Cruz worked at the supermarket located at 6420 W. Fullerton Avenue, Chicago, Illinois.

8. Plaintiff Alicia Cruz handled materials such as trays and computers that were not manufactured in the state of Illinois.

9. Plaintiff Alicia Cruz handled goods such as lettuce, pastas, and other foods that were not manufactured or produced in the state of Illinois.

10. During the course of her employment, Plaintiff Alicia Cruz handled good and materials that moved in interstate commerce.

11. During the course of her employment, Plaintiff Alicia Cruz performed non-exempt work

12. Defendant Farmer's Fresh Market Place, Inc. d/b/a Farmer's Best Market does business within this judicial district.

13. Farmer's Fresh Market Place, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14. Upon information and belief, during the last three years Farmer's Fresh Market Place, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

15. Farmer's Fresh Market Place, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

16. Defendant operates supermarkets in Chicago and Northlake, Illinois.

17. Plaintiff Alicia Cruz was employed by Defendant from June 27, 2019 through December 15, 2019.

18. Plaintiff Cruz was required to work her entire shift uninterrupted, but was deducted one half hour each shift for a lunch break she was not allowed to take.

19. During the three years prior to the filing of this lawsuit, Plaintiff and similarly situated employees were shorted their earned wages.

20. Despite not taking a lunch break, Plaintiff and similarly situated employees were deducted one half hour of compensation.

21. Defendant has employed and continue to employ other individuals who performed and continue to perform the same or similar job duties under the same pay deductions as Plaintiff.

22. Plaintiff and similarly situated individuals were all assigned to work in Defendant's grocery store and performed the same or similar job duties as one another.

23. Further, Plaintiff and similarly situated were subjected to the same pay provisions in that they were not compensated for all hours worked. Thus, the similarly situated class members are owed wages for the same reasons as Plaintiff.

24. This policy or practice of deducting for a meal period that was not taken was applicable to Plaintiff and similarly situated class members. Application of this policy or practice does/ did not depend on the personal circumstances of Plaintiff or those joining the lawsuit. Rather, the same policy or practice which resulted in non-payment of overtime to Plaintiff applied and continues to apply to all

class members.

## COUNT I
### Violation of the Fair Labor Standards Act – Unpaid Wages

25. Plaintiff hereby reallege and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. This Count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and similarly situated individuals wages for all time worked.

27. During the course of Plaintiff's employment with Defendant, Defendant deducted for a meal period that Plaintiff and similarly situated employees were not allowed to take.

28. Plaintiff and similarly situated individuals were entitled to be paid wages for all time worked.

29. Defendant's failure to pay Plaintiff and similarly situated for all hours worked violated the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That this Court determine that this case may be maintained as collective action under the FLSA;

B. A judgment in the amount of unpaid wages for all hours that Plaintiff and similarly situated worked;

C. Liquidated damages in an amount equal to the amount of wages for which Plaintiff and similarly situated are found to be due and owing;

D. Reasonable attorney fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Unpaid Wages

30. Plaintiffs hereby reallege and incorporate paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. This count arises from Defendant's violation of the IMWL for its failure and refusal to pay Plaintiff wages for all time she worked.

32. During the course of her employment with Defendant, Plaintiff was deducted a half hour per shift for a meal period she did not take.

33. Plaintiff was entitled to be paid wages for all time worked.

34. Defendant's failure to pay earned wages violated the minimum wage hour provisions of the IMWL.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

   A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

   B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

   C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

   D. Such other and further relief as this Court deems appropriate and just.

         Respectfully submitted,

Dated: January 15, 2020      **ALICIA CRUZ**


         By: <u>/s/Carlos G. Becerra</u>
          One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com